UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

————————————————————— x
                                              :
ORTHO-McNEIL PHARMACEUTICAL, INC. :  Honorable Dennis M. Cavanaugh, U.S.D.J.
,                                             :
                              Plaintiff,      :  Civil Action No. 06 CV 3533 (DMC)(MF)
                                              :
            v.                                :
                                              :
KALI LABORATORIES, INC., PAR                  :  **FILED ELECTRONICALLY**
PHARMACEUTICAL COMPANIES, INC.,               :
PAR PHARMACEUTICAL, INC., BARR                :
LABORATORIES, INC. and CARACO                 :
PHARMACEUTICAL LABORATORIES,                  :  **Return Date: September 10, 2007**
LTD.,                                         :
                                              :
                              Defendants.     :
————————————————————— x

**DEFENDANT CARACO PHARMACEUTICAL LABORATORIES LTD.'S
MEMORANDUM IN OPPOSITION TO JOINT MOTION TO VACATE SUMMARY
JUDGMENT ORDER UNDER RULE 54(B)**

|  |  |
|---|---|
|  | WINSTON & STRAWN LLP |
|  | The Legal Center |
|  | One Riverfront Plaza, 7th Floor |
|  | Newark, New Jersey 07102 |
| **OF COUNSEL:** | (973) 621-2230 |
| James F. Hurst | James S. Richter |
| David Koropp |  |
| Michael K. Nutter | Attorneys for Defendant |
| WINSTON & STRAWN LLP | Caraco Pharmaceutical Laboratories Ltd. |
| 35 West Wacker Drive |  |
| Chicago, IL 60601 |  |
| (312) 558-5600 |  |
|  |  |
| Scott Samay |  |
| WINSTON & STRAWN LLP |  |
| 200 Park Avenue |  |
| New York, NY 10166-4192 |  |
| (212) 294-6700 |  |

## **TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................................1

**BACKGROUND** .................................................................................................................2

**ARGUMENT**.......................................................................................................................3

I.     ORTHO-MCNEIL'S SETTLEMENT IS NOT A VALID REASON TO VACATE THE SUMMARY JUDGMENT ORDER.............................................4

II.    VACATUR DOES NOT ADVANCE THE INTERESTS OF JUSTICE AND WOULD PREJUDICE CARACO IN THIS ACTION......................................8

**CONCLUSION** ...................................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES**

*1992 Republican Senate-House Dinner Comm. v. Carolina's Pride Seafood, Inc.*,
  158 F.R.D. 223 (D.D.C. 1994) ..........................................................................................6

*Acme Printing Ink Co. v. Travelers Co.*,
  891 F. Supp. 1289 (E.D. Wis. 1995) ................................................................................3

*Allen-Bradley Co., LLC v. Kollmorgen Corp.*,
  199 F.R.D. 316 (E.D. Wis. 2001) .....................................................................................5

*Austin v. Ford*,
  181 F.R.D. 283 (S.D.N.Y. 1998) ......................................................................................6

*Chamberlain Group, Inc. v. Interlogix, Inc.*,
  2004 WL 1197258 (N.D. Ill. May 24, 2004) ....................................................................7

*Clarendon Ltd. v. Nu-West Indus., Inc.*,
  936 F.2d 127 (3d Cir. 1991) ......................................................................................... 4-5

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980) .............................................................................................................3

*In re Admetric Biochem, Inc.*,
  300 B.R. 141 (Bankr. D. Mass. 2003) ..............................................................................5

*Indus. Molding Corp. v. Am. Mfrs Mut. Ins. Co.*,
  22 F. Supp. 2d 569 (N.D. Tex. 1998) ...............................................................................6

*Persistence Software, Inc. v. The Object People, Inc.*,
  200 F.R.D 626 (N.D. Cal. 2001) ......................................................................................6

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
  170 F.3d 1373 (Fed. Cir. 1999) ........................................................................................8

*Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*,
  123 F.R.D. 282 (N.D. Ill. 1988) .......................................................................................3

*U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*,
  513 U.S. 18 (1994) .................................................................................................... 1, 3-5

*U. S. Gypsum Co. v. Pac. Award Metals, Inc.*,
  2006 WL 1825705 (N.D. Cal. July 3, 2006) ....................................................................6

*Visto Corp. v. Sproqit Tech., Inc.*,
  2006 WL 3741946 (N.D. Cal. Dec. 19, 2006) .............................................................. 7-8

## **INTRODUCTION**

Defendant Caraco Pharmaceutical Laboratories Ltd.'s ("Caraco") submits this memorandum in opposition to the joint motion to vacate summary judgment order under rule 54(b). The Court should deny Ortho-McNeil's vacatur motion. Vacatur is an "extraordinary remedy" appropriate only in "exceptional circumstances." *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, 29 (1994). Private litigants do not own judicial decisions. They are the product of a public act, by a public official, created at public expense. And they have value to the legal community and to the public at large, particularly when the decisions impact the scope and validity of a United States patent. So private litigants cannot make unfavorable decisions go away simply by settling a case.

Here, Ortho-McNeil presents no reason—other than its own convenience after it settled part of the case—to support its extraordinary request to have this Court vacate its April 4, 2007 summary judgment order. The convenience of parties who have made a strategic decision to settle, however, is not a sufficient reason to nullify an order of this Court.

Court opinions are not to be so cavalierly discarded, and the Court's guidance in this case, which will be particularly instructive for the remaining parties, should not be summarily expunged from the record. Ortho-McNeil knew, or at least should have known, that it would be unable to appeal the interlocutory summary judgment ruling before it chose to settle with Kali Laboratories, Inc., Par Pharmaceutical Companies, Inc., and Par Pharmaceutical, Inc. ("Kali/Par"). Indeed, this Court ruled on June 20, 2007 that Ortho-McNeil could not justify appealing the summary judgment ruling before the resolution of the entire case. (Docket Entry 37, at 5.)

Although Ortho-McNeil has failed to provide the supposed settlement agreement to the Court, and has flat out refused to provide it to the remaining defendants, Ortho-McNeil puts forth attorney argument that suggests that it chose to sacrifice its right to appeal when it settled with Kali/Par on July 18, 2007. That is legally irrelevant. Parties settle all the time, but the rulings that occurred in a case do not suddenly disappear. Thus, this Court should not be hamstrung by Ortho-McNeil's settlement decision and forced to revisit the work already performed by Judge Lifland in this case. Because Ortho-McNeil has failed to show that it is in the interests of justice to vacate this Court's summary judgment ruling, this Court should deny Ortho-McNeil's request to do so.

## **BACKGROUND**

Three patent infringement suits relating to a combination of two pain medications (tramadol and acetaminophen) have been consolidated into the present case. All of the cases involve Reissue Patent No. RE39,221 ("the '221 patent" or "the RE 221 patent") held by Ortho-McNeil. In case No. 02-5707, Ortho-McNeil asserted claims against Kali/Par. In case No. 04-0886, Ortho-McNeil sued Barr Laboratories, Inc. and Teva Pharmaceutical Industries, Ltd. and Teva Pharmaceuticals USA, Inc. Lastly, in case No. 06-3533 Ortho-McNeil asserted claims against Kali, Barr, and Caraco Pharmaceutical Laboratories, Ltd.

After construing certain terms in Claim 6 of the '221 patent in case No. 02-5707, this Court issued its summary judgment order in which it held, among other things, that Kali/Par did not infringe and that Claim 6 of the RE 221 patent was invalid as anticipated and obvious. This Court also granted Barr/Teva's summary judgment on their claim that Claim 6 was invalid for anticipation in case No. 04-0886.

On April 30, 2007 Ortho-McNeil brought a Rule 54(b) motion seeking certification of the summary judgment order so that it could be immediately appealed. In an order dated June 20, 2007, this Court denied the motion, stating that the legal and factual issues with respect to all the asserted claims of the RE 221 patent are similar and that the prior art relevant to Claim 6 is also relevant to the unadjudicated invalidity defenses that pertain to the remaining claims. (Docket Entry 37, at 8.) With respect to the claim construction, the Court specifically recognized that "the claim construction of Claim 6 is directly applicable to the other claims of the '221 patent, which use much of the same language, and which are the subjects of the unadjudicated counterclaims." (Docket Entry 37, at 8.)

Almost a month later, Ortho-McNeil decided to enter into a settlement agreement with defendant Kali/Par and forego its opportunity to bring an appeal of the summary judgment order. After being denied an immediate appeal of the decision (because of the importance of the ruling on remaining claims) and after settling its claims with Kali/Par in such a way that it gave up its right to appeal altogether, Ortho-McNeil now asks this Court to use Rule 54(b) to vacate the summary judgment order without the need for an appeal.

## ARGUMENT

Vacatur is an "extraordinary remedy" and granting a Rule 54(b) motion is rarely appropriate. *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, 29 (1994) (vacatur is an "extraordinary remedy" appropriate in "exceptional circumstances"); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."); *Quaker Alloy Casting Co. v.*

*Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (A "Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").

Revisiting interlocutory orders is appropriate only in those cases where "justice requires." Note of Advisory Committee to the 1946 Amendment to Rule 60(b) (Interlocutory judgments subject to relief "as justice requires."); *see Acme Printing Ink Co. v. Travelers Co.*, 891 F. Supp. 1289, 1295 (E.D. Wis. 1995) (citing same).

Here, justice does not require this Court to vacate its summary judgment order. In this case, justice is best served by leaving the Court's opinion intact. As explained in more detail below, Ortho-McNeil's strategic decision to settle does not justify vacatur, nor does it "moot" any pending proceeding in a way that would make vacatur appropriate. There is nothing about this case that indicates that "justice" would be served by vacating the order which reflects the Court's extensive analysis regarding issues that still affect the remaining litigants. Nullifying the Court's opinion would only result in increased work for the Court and the parties by necessitating that the Court repeat analyses that it has already performed.

**I.    ORTHO-MCNEIL'S SETTLEMENT IS NOT A VALID REASON TO VACATE THE SUMMARY JUDGMENT ORDER.**

A court should not grant a Rule 54(b) motion merely for the parties' convenience. The Third Circuit has routinely declined to approve provisions adopted by private litigants that seek to vacate an order or opinion because an "action of the court can be neither purchased or parleyed by the parties." *Clarendon Ltd. v. Nu-West Indus., Inc.*, 936 F.2d 127, 129 (3d Cir. 1991). The Court has further explained its position that court opinions are judicially valuable and should not be used as bargaining chips by private parties, stating that:

> When a clash between genuine adversaries produces a precedent, . . . the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to

4

> be a bargaining chip in the process of settlement.  The precedent, a public act of a public official, is not the parties' property.

*Id.*  (quoting *Matter of Mem'l Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988)). The United States Supreme Court has also echoed this policy, noting that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."  *U.S. Bancorp*, 513 U.S. at 26.

While both the Third Circuit and the United States Supreme Court share the view that settlements should be encouraged, they have been equally clear that such a goal does not override the "policy that a losing party with a deep pocket should not be permitted to use a settlement to have an adverse precedent vacated."  *Clarendon Ltd.*, 936 F.2d at 129; *see U.S. Bancorp*, 513 U.S. at 27-28 (rejecting systematic vacatur because although some litigants may be more likely to settle after judgment of vacatur is available, systematic vacatur may deter settlement at an earlier stage: "*Some* litigants, at least, may think it worthwhile to roll the dice rather than settle . . . if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.").

Indeed, both the United States Supreme Court and the Third Circuit have stated that a voluntary act of settlement which moots an issue should not serve as grounds for the equitable remedy of vacatur.  *Id.* at 25; *Clarendon Ltd.*, 936 F.2d at 130.  In fact, the Supreme Court has flatly stated that "[w]here mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur."  *U.S. Bancorp*, 513 U.S. at 25.

Many district courts have abided by this precedent by declining to vacate previous orders, even in light of a settlement between the parties.  *See e.g.*, *Allen-Bradley Co., LLC v.*

5

*Kollmorgen Corp.*, 199 F.R.D. 316, 318 (E.D. Wis. 2001) (denying motion to vacate order after post-*Markman* hearing settlement and citing concern from *U.S. Bancorp* that litigants may decline to settle early in litigation and instead choose to "roll the dice" and proceed to judgment if an unfavorable judgment can be vacated). The same concerns are present in litigation not involving patents as well. *See e.g.*, *In re Admetric Biochem, Inc.*, 300 B.R. 141, 148 (Bankr. D. Mass. 2003) (declining to vacate prior order under Rule 60(b) in bankruptcy action and noting that vacatur would have encouraged creditors to "roll the dice"); *Austin v. Ford*, 181 F.R.D. 283, 286 (S.D.N.Y. 1998) (declining to vacate summary judgment order entered while parties were negotiating settlement in action involving ERISA, even after settlement finalized, and noting "[p]ublic interest in finality of judgment encompasses the development of decisional law, the importance of the opinion to nonparties, and the deterrence of frivolous litigation").

For its part, Ortho-McNeil does not cite to a single reported decision from this Court, the Supreme Court, or the Third Circuit to support its claim that a settlement justifies the extreme remedy of vacatur. Instead, Ortho-McNeil relies on a hodgepodge of cases from around the country that have allowed vacatur. Even these cases, however, do not support vacatur here. Unlike the situation here, in each of those cases all of the interested parties settled and either agreed to or did not oppose the vacatur motions. *See U. S. Gypsum Co. v. Pac. Award Metals, Inc.*, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006) (plaintiff and sole defendant both requested summary judgment order be vacated) (*see* Exhibit 1)[1]; *Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D 626, 626-27 (N.D. Cal. 2001) (all defendants settled and filed statement of non-opposition); *Indus. Molding Corp. v. Am. Mfrs Mut. Ins. Co.*, 22 F. Supp. 2d 569, 569 (N.D. Tex. 1998) (sole defendant submitted motion to vacate summary judgment

---

[1] All references to Exhibits are to those exhibits attached to the August 27, 2007 Declaration of James S. Richter.

order and plaintiff did not oppose); *1992 Republican Senate-House Dinner Comm. v. Carolina's Pride Seafood, Inc.*, 158 F.R.D. 223, 224 (D.D.C. 1994) (all parties reached settlement and plaintiff's motion to vacate was unopposed).

In contrast, the vacatur motion here is opposed and all of the interested parties have not settled. Caraco and Barr have live controversies with Ortho-McNeil, and neither Caraco nor Barr consents to vacatur. Moreover, nothing can change the fact that public paid for and benefits from the judicial precedent that Ortho-McNeil seeks to buy off through its settlement.

In the end, Ortho-McNeil made a voluntary and strategic decision about when to settle with Kali/Par, and that decision comes with consequences—there is no longer a live case or controversy to appeal with respect to part of that judgment. Engaging in behavior that courts have cautioned against, Ortho-McNeil "rolled the dice" by first engaging in summary judgment motion practice, then settling with Kali/Par, and now attempting to rid itself of the order that did not issue entirely in its favor. If Ortho-McNeil had wanted to challenge the merits of the Court's decision, it should have done so by keeping the issue live, and various courts have concluded as much. *Chamberlain Group, Inc. v. Interlogix, Inc.,* 2004 WL 1197258, at *2 (N.D. Ill. May 24, 2004) (plaintiff could have appealed the order but "chose instead to voluntarily abandon its appeal rights in favor of settlement. Under these circumstances, *vacatur* is unwarranted.") (*see* Exhibit 2); *Visto Corp. v. Sproqit Tech., Inc.,* 2006 WL 3741946, at *6 (N.D. Cal. Dec. 19, 2006) (denying vacatur where the plaintiff "had options to ensure review" because if plaintiff "was unhappy with the claim construction results, it could have continued the litigation and sought relief therein") (*see* Exhibit 3).

7

## II. VACATUR DOES NOT ADVANCE THE INTERESTS OF JUSTICE AND WOULD PREJUDICE CARACO IN THIS ACTION.

Ortho-McNeil does not present any affirmative reason why "justice requires" vacatur in this case. Instead, it argues that vacatur is appropriate because (in its view) vacatur here "would be evenhanded in effect" and "would have little, if any, impact on the pending litigations." (Pl.'s Mem at 6, 7). Even if true, which it is not, the mere fact that vacatur may not be overly harmful in a particular case is not a proper justification for use of this extraordinary equitable remedy.

In this case, however, vacatur will surely prejudice Caraco and vacating the summary judgment order would not serve the interests of justice. This Court has already recognized that "the claim construction of Claim 6 is directly applicable to the other claims of the '221 patent, which use much of the same language." (Docket Entry 37, at 8.) The action between Ortho-McNeil and Caraco involves the other claims of the '221 patent, and thus Caraco would be harmed if it was not permitted to rely on the rulings already made in this case against Ortho-McNeil.

Vacating the summary judgment order would waste the time and resources of both this Court and the litigants. If the Court's claim construction and invalidity findings are nullified, then Caraco, Barr, and this Court will be forced to spend more time and resources deciding those issues again. Wasted time in a case like this one, involving the right to market a generic version of the drug at issue pursuant to Abbreviated New Drug Applications, is particularly damaging to the defendants. *See Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1382 (Fed. Cir. 1999) (concluding district court acted properly in promptly disposing of case four months after decision providing basis for collateral estoppel issued, and commenting that waiting nine months for appeal of that decision would have "impos[ed] an

8

undesirable delay"); *Visto Corp.*, 2006 WL 3741946, at *7 (stating that "permitting vacatur after completion of extensive claim construction proceedings works a hardship on the party opposing vacatur," noting considerable expense of litigation relating to claim construction, and ultimately denying motion to vacate interlocutory orders pursuant to Rule 60(b) motion).

## CONCLUSION

WHEREFORE, for all the reasons above, Defendant Caraco Pharmaceutical Laboratories Ltd. respectfully requests that this Court deny the Joint Motion to Vacate Summary Judgment Order Pursuant to Rule 54(b).

> WINSTON & STRAWN LLP
> Attorneys for Defendant
> Caraco Pharmaceutical Laboratories, Ltd.
>
> By:   /s/ James S. Richter
>        James S. Richter

Dated: August 27, 2007

**OF COUNSEL:**

James F. Hurst
David Koropp
Michael K. Nutter
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601

Scott R. Samay
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2007, Defendant Caraco Pharmaceutical Laboratories, Ltd.'s Memorandum in Opposition to Joint Motion to Vacate Summary Judgment Order Pursuant to Rule 54(b) was served by ECF and electronic mail on the following counsel of record:

Douglas S. Eakeley, Esq.
LOWENSTEIN SANDLER
65 Livingston Avenue
Roseland, New Jersey 07068

Attorneys for Plaintiff,
Ortho-McNeil Pharmaceutical, Inc.


Arnold B. Calmann, Esq.
SAIBER, SCHLESINGER, SATZ & GOLDSTEIN, LLC
One Gateway Center - 13th Floor
Newark, New Jersey 07102-5311

Attorneys for Defendant, Kali Laboratories, Inc.,
Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc


Michael E. Patunas, Esq.
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center - 12th Floor
Newark, New Jersey 07102

Attorneys for Defendant, Barr Laboratories, Inc.


                                                      /s/ James S. Richter
                                                         James S. Richter

Dated: August 27, 2007