NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | **Hon. Dennis M. Cavanaugh** |
|---|---|---|
| ORTHO-McNEIL PHARMACEUTICAL, INC., | : : : | **OPINION** |
| Plaintiff, | : : | Civil Action No. 06-CV-3533 (DMC) |
| v. | : : | |
| KALI LABORATORIES, INC., PAR PHARMACEUTICAL COMPANIES, INC., PAR PHARMACEUTICAL, INC., BARR LABORATORIES, INC., AND CARACO PHARMACEUTICAL LABORATORIES LTD., | : : : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for summary judgment pursuant to FED. R. CIV. P. 56 by Defendant Caraco Pharmaceutical Laboratories, LTD. ("Caraco"), who is joined by Defendant Barr Laboratories, Inc. ("Barr," collectively, "Defendants"), against Plaintiff Ortho-McNeil Pharmaceutical Inc. ("Plaintiff"); and Plaintiff's motion for summary judgment pursuant to FED. R. CIV. P. 56 against Caraco. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for summary judgment is **granted**; and Plaintiff's motion for summary judgment is **denied**.

**I.    BACKGROUND**[1]

Plaintiff is a pharmaceutical company that develops drug products.  It is a member of the Johnson & Johnson family of companies and is incorporated in the State of Delaware.  Caraco is a Michigan-based pharmaceutical company that manufactures drug products.  Barr is a pharmaceutical company that, like Caraco, produces generic versions of medication marketed under different names.  Plaintiff instituted the underlying litigation claiming patent infringement against the Defendants.

A.    The Invention

The alleged invention in this case is an oral medication used for pain relief.  This medication is a combination of two different drugs in variable weight ratios delivered in a single tablet.  Plaintiff is currently marketing one such variation of this mixture under the brand name Ultracet®.  Ultracet® is a "pharmaceutical composition" comprised of the compounds tramadol and acetaminophen at a weight ratio of 1:8.67 (1 part tramadol hydrochloride to 8.67 parts acetaminophen).  A "pharmaceutical composition" is a term of art used to describe a medicinal preparation comprising a mixture, prepared outside of the body, generally in the form of a dosage unit, such as a tablet or capsule.  Acetaminophen is an analgesic that is widely-known and widely-used as a pain medication for moderate pain.  Acetaminophen is also known as p-

---

[1] The facts set-forth in this Opinion are taken from the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers. The facts reflect that "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

acetaminophenol or paracetamol and has been marketed in the United States under the brand name Tylenol® and internationally under the brand name Benuron®.  Tramadol, like the drug codeine, is an opioid that is used to treat moderate to severe pain.  Plaintiff claims that combining these two compounds produces a "synergistic analgesic effect," which can be utilized as a more potent pain reliever with fewer and milder side-effects than its individual parts.

Plaintiff filed an application seeking to patent the combination of tramadol and acetaminophen on September 6, 1991.  The United States Patent and Trademark Officer ("PTO"), however, initially rejected all of the originally-filed claims as obvious over a patent filed in March of 1972 by Ernst Frankus and Kurt Flick ("Flick Patent").  The Flick Patent discloses tramadol and related compounds and the processes for making these compounds.  Plaintiff represented to the PTO that the Flick Patent did not specifically contain a mixture of tramadol and acetaminophen.  On August 9, 1994, despite its previous contention that Plaintiff's claims were obvious, the PTO issued U.S. Patent No. 5,336,691 ("'691 patent"), which contained fifteen claims to Plaintiff.  On January 20, 2004, Plaintiff cancelled claims one through five and seven through fourteen by filing a reissue application.  On August 1, 2006, the '691 patent was formally reissued as U.S. Patent No. 39,221 ("'221 patent"), which contained sixty-two new claims.  The only claim in the '221 patent remaining from the original '691 patent was claim six, which provides for a pharmaceutical composition comprising a tramadol material and acetaminophen, wherein the ratio of the tramadol material to acetaminophen is a weight ratio of about 1:5.

B.     The Alleged Infringement

In December 2005, Caraco began manufacturing a generic version of Ultracet®. Plaintiff alleges that Caraco's generic version contains the same ingredients (tramadol and acetaminophen), a similar mixture weight ratio, same route of administration (*i.e.*, tablet) and is used for the same purpose (treatment of mammals) as Ultracet®. Plaintiff asserts that Caraco's manufacturing of the generic version of Ultracet® infringes on claims forty-three through forty-seven, fifty-one, sixty-seven and sixty-nine of the '221 patent. Caraco contends that the combination of tramadol and acetaminophen in the weight ratio which comprises Ultracet® is not a new invention. Specifically, Caraco expressed that the composition found in the Plaintiff's '221 patent was disclosed in the Flick Patent. Caraco alleges that the Flick Patent, along with other publications and references, anticipated Plaintiff's claims, thereby invalidating those claims. Caraco further alleges that, pursuant to the doctrine of obviousness, anyone possessing ordinary creativity and common sense will find that the prior art makes Plaintiff's alleged "new" invention obvious.

**II.     STANDARD OF REVIEW: FED. R. CIV. P. 56 SUMMARY JUDGMENT**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving

4

party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

## III.   DISCUSSION

After carefully reviewing the submissions of the parties, this Court finds that a genuine issue of material fact exists regarding whether the Flick Patent and other prior art sufficiently anticipate the claims of Plaintiff's '221 patent. This Court, however, finds that as a matter of law, the claims asserted by Plaintiff in its '221 patent are invalidated as being obvious over the Flick Patent and other prior art.

### A.   Anticipation

There exists a genuine issue of material fact regarding whether the Flick Patent and other cited prior art sufficiently anticipate the '221 patent claims in question. A product is "anticipated," and should not be patented, if "the invention was patented or described

5

in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C.S. §102(b).  An invention may be found to have been "anticipated" under 35 U.S.C. §102 if even a single prior art reference discloses each and every element of the claimed invention. See Brassica Protection Prods. LLC v. Sunrise Farms (In re Cruciferous Sprout Litig.), 301 F.3d 1343, 1349 (Fed. Cir. 2002) (citing Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1565 (Fed. Cir. 1992)). Every limitation of a claim, however, must identically appear in a single prior art reference for it to anticipate the claim.  See Gechter v. Davidson, 116 F.3d 1454, 1457 (Fed. Cir. 1997) (citing In re Bond, 910 F.2d 831, 832 (Fed. Cir. 1990)).  "Anticipation requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim."  Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1548 (Fed. Cir. 1983) (citing Soundscriber Corp. v. United States, 360 F.2d 954, 960 (Ct. Cl. 1966)).  "The description of 'specific preferences in connection with a generic formula' is determinative in an analysis of anticipation under 35 U.S.C. § 102."  Merck & Co. v. Biocraft Labs, Inc., 874 F.2d 804, 807 (Fed. Cir. 1989) (citations omitted).   Anticipation is a question of fact. See In re McDaniel, 293 F.3d 1379, 1382 (Fed. Cir. 2002).

       1.     Flick Patent

Caraco contends that the Flick Patent anticipates the claims made in Plaintiff's '221 patent.  EXAMPLE 22 of the Flick Patent states that tramadol may produce synergistic effects when used with "other analgesics such as with acetylsalicylic acid, phenacetin, or the like."  Pat. No. 3652589, col. 12, ll. 45-50.  Acetaminophen is a metabolite, or a chemical product derived

from of one of the listed analgesics, phenacetin. Phenacetin, however, is chemically and physiologically distinct from Acetaminophen. EXAMPLE 22 does not specifically state that tramadol should be combined with acetaminophen. Additionally, EXAMPLE 23 of the Flick Patent states that tramadol may be combined with pentobarbital sodium (a sleep-inducing barbituate), ethoxy benzamide (another weak analgesic) and "p-acetamino phenol" to produce a four-agent tablet. See id. at col. 12, ll. 66-75. P-acetamino phenol is another accepted term for acetaminophen. This specific example teaches to combine four-agents into a tablet, rather than the two specific agents found in Ultracet® and its generic. The four-agent pharmaceutical composition would produce a drug that has materially different characteristics than a composition containing only tramadol and acetaminophen. As such, a genuine issue of material fact exists regarding whether the Flick Patent's reference to the combination of tramadol and "other analgesics" or its reference to the four-agent tablet would have anticipated Plaintiff's '221 patent.

        2.    <u>Other Prior Art</u>

In support of their position that Plaintiff's '221 patent is invalid, Caraco asserts that other prior art[2] also anticipates the '221 patents claims. Each of these references, however, fails to

---

[2] These references are all referred to herein by the first named author of each work including: Sorge J. and Pichlmayr, I., <u>Schmerztherapie bei Gynakologischen Malignomen</u>, Geburtshilfe und Frauenheilkunde 50:93-100 (1990) ("Sorge") (POMP0013566-79); Beyer, A. and Peter, K., <u>Heutige Vorstellungen zur Entstehung und Behandlung des Schmerzes</u>, Chirurg 61:494-501 (July 1990) ("Beyer") (POMP0015998-16015); Senn, H.J., <u>Das Schmerzproblem in der Onkologie</u>, Schweizerische Medizinische Wochenschrift 120: Nr. 31/32 1135-1142 August 7, 1990 ("Senn") (POMP0016017-34); Meier, P.J. and Ziegler, W.H., <u>Medikamentose Schmerztherapie</u>, 46 Therapeutische Umschau 8:526-36 (August 1990) ("Meier") (POMP0016036-57); and Brinkmann, J., <u>Analgetikatherapie bei Tumorpatienten in der Praxis</u>, ZFA Z. Allg. Med. 65: 166-68 (1989) ("Brinkmann") (POMP0015990-95). This Court previously recognized each reference as prior art. <u>Ortho-Mcneil Pharm., Inc. v. Kali Labs., Inc.</u>, 482 F. Supp. 2d 478, 514-16 (D.N.J. 2007).

7

sufficiently anticipate '221's claims. Caraco contends that the Sorge reference adopts a staged plan of medical pain therapy and recommends a staged treatment that calls for an analgesic, like acetaminophen, in the first stage. It then calls for a weak opioid, like tramadol, in the second stage. This reference, however, specifically teaches away from combining the dosage into a single pharmaceutical composition like Ultracet® and its generic. Moreover, the Sorge reference merely provides a list of drugs that may be used to treat pain. At no point does it specifically teach which of those drugs should be combined, let alone provide that acetaminophen should be combined with tramadol.

Caraco also alleges that the Beyer reference describes a staged pain treatment similar to Sorge, which calls for a combination of acetaminophen and tramadol. Unlike Sorge, however, Beyer actually lists acetaminophen (paracetamol) as one of the many analgesics to be used in combination with a weak opioid, like tramadol. Beyer, however, provides for the use of weak opioids only if the analgesic (acetaminophen) alone is insufficient. Beyer also calls for an initially low dosage with increasing dosages as required to treat the pain. As such, a question of fact exists regarding whether Beyer would instruct to combine acetaminophen and tramadol into a single tablet with a uniform dosage.

Caraco next asserts that the Senn reference describes an "analgesic ladder" approach. The publication states that pain therapy should be provided in "stepwise adaptable" administration of pain medication. It does not, however, instruct to combine acetaminophen and tramadol to treat pain. Also, the Meier publication, which Caraco asserts is prior art that anticipates the '221 patent, does not specifically instruct to combine acetaminophen and

tramadol.

Caraco further contends that the Brinkmann reference anticipates Plaintiff's '221 claim. The Brinkmann reference instructs to combine up to one gram of acetaminophen (paracetamol) with forty drops of tramadol. Brinkmann, however, further instructs that twenty drops of Metoclopramid should be added. A jury question exists regarding whether the Brinkmann reference would teach someone of ordinary skill in the art to combine only acetaminophen and tramadol together in a single tablet of uniform dosage.

B.  Obviousness

Pursuant to 35 U.S.C. §282, the '221 patent is presumed valid. See id. "The presumption of validity is based on the presumption of administrative correctness of actions of the agency charged with examination of patentability." Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc., 98 F.3d 1563, 1569 (Fed. Cir. 1996). The presumption of validity may be overcome by clear and convincing evidence of invalidity. See Knoll Pharm. Co., Inc. v. Teva Pharms. USA, Inc., 367 F.3d 1381, 1383 (Fed. Cir. 2004). The burden of proving invalidity rests on the party asserting it. See 35 U.S.C. §282. A patent or its individual claims may be rendered invalid if the invention or claim is "obvious." 35 U.S.C. §282. 35 U.S.C. §103 forbids issuance of a patent, and invalidates an issued patent, if "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Id.; KSR Int'l Co. v. Teleflex Inc., 127 S. Ct. 1727, 1734 (2007). The principal reason for declining to allow patents for what is obvious is that it "withdraws what

9

is already known into the field of its monopoly and diminishes the resources available to skillful men." KSR Int'l Co., 127 S. Ct. at 1739 (quoting Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 152 (1950)). "[T]he need to determine obviousness presumes anticipation is lacking." Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1548 (Fed. Cir. 1983). The question of obviousness is ultimately one of law. See Alza Corp. v. Mylan Labs., Inc., 464 F.3d 1286, 1289 (Fed. Cir. 2006).

The Supreme Court of the United States has dictated how obviousness is to be determined. See Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966). The Court in Graham stated:

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or non-obviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or non-obviousness, these inquiries may have relevancy.

Id. The Supreme Court recently reaffirmed the use of the Graham test when determining obviousness. See KSR Int'l Co., 127 S. Ct. at 1734. In KSR Int'l Co., the court stressed that "common sense directs one of look with care at a patent application that claims as innovation the combination of two known devices according to their established function." Id. at 1739. The Court went on to state that the "combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." Id. at 1741. Here, the Court is asked whether, as a matter of law, it was obvious to a person of ordinary skill in the art

10

to (1) combine the weak opioid tramadol with the analgesic acetaminophen; (2) in a single pharmacutical composition; (3) in a weight ratio range from 1:5 through 1:19.  This Court finds that Caraco has demonstrated by clear and convincing evidence that the combination of tramadol and acetaminophen in a single pharmaceutical composition in the weight ratio range of 1:5 through 1:19 would have been obvious to someone of ordinary skill in the art.  As such, Plaintiff's asserted claims are invalid as obvious.

### 1. Level of Ordinary Skill in the Art

The parties agree that a person of ordinary skill in the art is someone who has either a medical degree or Ph.D. in pharmacology and substantial experience regarding the administration of analgesic drugs to human patients.

### 2. Scope and Differences in the Relevant Prior Art

According to the Court in Bayer Schering Pharma Ag & Bayer Healthcare Pharms. v. Barr Labs., prior art relevant to nonobviousness includes:

> 1. printed publications or patents from anywhere in the world that were published or issued before the applicant's date of invention; 2. prior use or prior knowledge that occurred in the United States before the applicant's date of invention; 3. a U.S. patent application by a different inventive entity that subsequently issued and was filed before the applicant's date of invention; and 4. another's invention that was made in the United States and that was not abandoned, suppressed, or concealed before the invention date of the invention in question.

2008 U.S. Dist. LEXIS 15917, *59 (D.N.J. 2008) (citation omitted).  "When the references are all in the same or analogous fields, knowledge thereof by the hypothetical person of ordinary skill is presumed . . . and the test is whether the teachings of the prior art, taken as a whole, would have made obvious the claimed invention." In re Gorman, 933 F.2d 982, 986 (Fed. Cir. 1991)

(citation omitted).  As such, the Flick Patent, along with the Sorge, Beyer, Senn, Meier and Brinkmann references are each relevant to the determination of obviousness.

        i.        Flick Patent

Caraco alleges that the Flick Patent is prior art that would teach a person of ordinary skill in the art to combine only acetaminophen and tramadol in a two-agent tablet in a weight ratio similar to those asserted in claims forty-three and sixty-seven of Plaintiff's '221 patent. The Flick Patent provides that tramadol has "proven of considerable therapeutic value when used in combination" with other active ingredients and that "frequently a synergistic effect is observed." Pat. No. 3652589 at col. 12, ll. 45-48.  EXAMPLE 22 of the Flick patent would specifically teach a person of ordinary skill in the art to combine an analgesic and tramadol into a two-agent tablet. See id. at col. 12, ll. 45-50.  Moreover, the Flick Patent instructs the reader to vary the ingredients of a described four-agent tablet, which contained both acetaminophen and tramadol, as desired.  Id. at col. 12, ll. 66-75.  This Court finds that Plaintiff's asserted claims forty-three are sixty-seven invalidated as obvious to a person of ordinary skill in the art that has reviewed the Flick Patent.

Plaintiff argues that the "consisting of" language contained in the Flick Patent would not instruct a person of ordinary skill in the art to combine only acetaminophen and tramadol into a two-agent tablet. A person of ordinary skill in the art, however, is also a person of "ordinary creativity, not an automaton."  KSR Int'l Co., 127 S. Ct. at 1742.  Here, a person of ordinary skill in the art would not be misled by the "consisting of" language.  One of Plaintiff's own clinical research fellows, Dr. Minn, stated that he "can't think of anybody who didn't think of

12

[combining tramadol with acetaminophen]." (Dep. of Dr. Minn at p. 23, l. 8-11). Additionally, as previously determined by Judge Lifland – and undisputed by Plaintiff – the Flick Patent discloses a pharmaceutical composition of tramadol and acetaminophen in the proportions claimed in the '221 patent. See Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc., 482 F. Supp. 2d 478, 523 (D.N.J. 2007).

    ii. Other Prior Art

  This Court finds the Brinkmann reference very persuasive. The Brinkmann reference instructs to combine up to one gram of acetaminophen (paracetamol) with forty drops of tramadol. Brinkmann further instructs that twenty drops of Metoclopramid should be added to this composition. Although this court found that a jury questions exists regarding whether the Brinkmann reference anticipated the '221 patent, there is little doubt that this reference would instruct a person of ordinary skill in the art to combine only tramadol and acetaminophen in a two-agent tablet. As such, the Brinkmann reference would likely make the combination of tramadol and acetaminophen in a single tablet at a weight ratio similar to that found in the claims asserted by Plaintiff obvious to someone of ordinary skill in the art. Furthermore, because this court has already found that the Flick Patent and the Brinkmann reference satisfy the requirement for obviousness, there is no need to address the other cited references.

     iii.  Secondary Consideration

 Plaintiff alleges that secondary consideration warrants a finding of nonobviousness. "[E]vidence of secondary considerations must always when present be considered in the process of determining obviousness." Fromson v. Advance Offset Plate, 755 F.2d 1549, 1556 (Fed. Cir. 1985); see also Ruiz v. A.B. Chance Co., 234 F.3d 654, 667 (Fed. Cir. 2000). "Evidence of secondary considerations . . . are but a part of the 'totality of the evidence' that is used to reach the ultimate conclusion of obviousness." Richardson-Vicks, 122 F.3d at 1483 (citation omitted). Secondary considerations, however, "do not control the obviousness conclusion." Newell Cos., Inc. v. Kenney Mfg. Co., 864 F.2d 757, 768 (Fed Cir. 1988).

 Plaintiff asserts that the claimed invention exhibits unexpected results that is undisputed. The Flick Patent, however, stresses the existence of synergy between tramadol and other ingredients. See Pat. No. 3652589 at col. 12, ll. 45-48. Indeed, it has previously been held that "the Flick [P]atent, the Brinkmann reference, and the Meier reference all teach that combining acetaminophen and tramadol will, or is likely to, result in synergistic effects." Ortho-McNeil Pharm., Inc., 482 F. Supp. 2d at 525. In Ortho-McNeil Pharm., Inc., Judge Lifland criticized Dr. Stanski's opinion that Flick's reference to synergy between tramadol and acetaminophen is scientifically meaningless. See id. at 526. Judge Lifland summarily dismissed this argument and found that Plaintiff failed to demonstrate that "synergism is an *unexpected result* relative to the Flick [P]atent" or "in light of [the] teaching of Brinkmann and Meier." Id. at 527 (emphasis added).

14

Plaintiff also alleges as secondary considerations that: (1) it has achieved sufficient commercial success, (2) Ultracet® filled a long-felt need, (3) that four generic versions of Ultracet® exist, and (4) that Kali Laboratories Inc., another member of the pharmaceutical industry, has acquiesced in the validity of Plaintiff's claims.  Although the United States Court of Appeals for the Federal Court has indicated that "secondary considerations" should always be considered, summary judgment should not be withheld due to such secondary considerations when the prior art reflects a strong case for obviousness.  See Richardson-Vicks Inc. v. Upjohn Co., 122 F.3d 1476, 1484 (Fed. Cir. 1997); see also Brown & Williamson Tobacco Corp. v. Philip Morris Inc., 229 F.3d 1120, 1131 (Fed. Cir. 2000).  This Court is not persuaded by any of Plaintiff's asserted secondary considerations.  As such, Caraco has rebutted the presumption of validity, thereby rendering Plaintiff's asserted claims invalid as obvious under 35 U.S.C. §103.

**IV.**     **CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion for summary judgment is **granted**; and Plaintiff's motion for summary judgment is **denied**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       April   17  , 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File